UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SNEHAL YOGESHKUMAR SHAH,

    Defendant.

_____/

Case No. 15-cr-20585

Honorable Nancy G. Edmunds

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE [52] AND DENYING MOTION FOR APPOINTMENT OF COUNSEL [54]**

Defendant Snehal Yogeshkumar Shah is currently in the custody of the Federal Bureau of Prisons ("BOP"). The matter is before the Court on Defendant's motion for the appointment of counsel (ECF No. 54) and his *pro se* motion for release to home confinement, filed under the authority of the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239 (ECF No. 52). The Government filed a response in opposition to Defendant's motion. (ECF No. 55.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motions.

**I.    Background**

On September 22, 2015, Defendant was indicted on three counts for possession, distribution, and transportation of child pornography. He pleaded guilty to distributing and transporting child pornography and was sentenced by this Court 168 months imprisonment. He began serving his sentence on August 30, 2017 and at the time of his

1

motion was incarcerated at Moshannon Valley CI in Philipsburg, Pennsylvania.[1] He is 50 years old and his projected release date is September 9, 2027.

On October 29, 2020, Defendant requested compassionate release from the warden of Moshannon Valley CI. The warden denied that request on November 2, 2020. He now moves the Court for compassionate release. As the basis for his motion, Defendant complains of "high cholesterol, hypertension, high-blood pressure, and high body-mass index near 30" in combination with the increased threat of infection from COVID-19 in the congregate confinement of a prison setting. Defendant therefore asks the Court to allow him to serve the remainder of his sentence under home confinement.

## II.     Analysis

### A.     Compassionate Release

The "compassionate release" provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons when there are "extraordinary and compelling" reasons to do so. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Historically, only the Director of the Bureau of Prisons could bring such a motion, but this changed with the passage of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). An inmate may now bring a compassionate release motion on his own behalf once he exhausts any administrative remedies or 30 days after requesting relief from the Bureau of Prisons. *Id.* at 1004 (citing *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)).

---

[1] The Court has reason to believe Defendant was transferred to a different BOP facility while this motion was pending. This does not change the Court's analysis.

The Sixth Circuit has instructed district courts to engage in a three-step analysis when considering a compassionate-release motion: *First*, consider whether "extraordinary and compelling reasons warrant [a sentence] reduction." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). *Second*, "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id. Third*, "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

The policy statement referenced in step two is found in U.S.S.G. § 1B1.13 and presently only applies to motions brought by the Bureau of Prisons, not to inmate-filed motions. *Elias*, 984 F.3d at 519. Thus, when considering inmate-filed motions for compassionate release, "district courts have full discretion" to determine what reasons are "extraordinary and compelling." *Jones*, 980 F.3d at 1111.

Here, the Government concedes Defendant has exhausted his administrative remedies. (ECF No. 55, at 13.) Defendant submitted a request for release to the warden and waited until that request was denied before filing the present motion. (ECF No. 57, PageID.512.) The Government argues, however, that Defendant's age and health concerns do not rise to the level "extraordinary and compelling." *See* 18 U.S.C. § 3582(c)(1)(A). Additionally, the Government maintains Defendant is a danger to the community and that his request for early release should be denied based upon a consideration of the 18 U.S.C. § 3553(a) factors.

When analyzing motions for compassionate release brought during the COVID-19 pandemic, courts have typically found "extraordinary and compelling reasons" when the movant shows he has one or more comorbidities that increase the risk of severe illness or death from COVID-19, as identified by the CDC. *See Elias*, 984 F.3d at 521 ("Relying on official guidelines from the CDC is a common practice in assessing compassionate-release motions."). Defendant states he suffers from "high cholesterol, hypertension, high-blood pressure, and high body-mass index near 30." (ECF No. 52 at 2.) The Government disagrees with Defendant's self-identified health concerns and provides his medical records that indicate he is not obese and does not suffer from high blood pressure/hypertension. (ECF No. 57, PageID.395, 410, 443.) But, as the Government points out, Defendant has been diagnosed with "uncontrolled" Type 2 diabetes for which he has refused treatment. (ECF No. 57, PageID.330, 391.) The CDC recognizes diabetes as a condition that can make a person more likely to get severely ill from COVID-19. *See People with Certain Medical Conditions,* Centers for Disease Control and Prevention (Mar. 29, 2021), https://perma.cc/PQ8A-24YG. But, whether Defendant's diabetes amounts to an "extraordinary and compelling" reason for compassionate release when he has refused medical intervention is a question the Court need not answer when, as here, the 18 U.S.C. § 3553(a) sentencing factors strongly weigh against granting Defendant the relief he requests.

A court's determination that the 18 U.S.C. § 3553(a) factors do not support relief is an independent basis for denying compassionate release. *See Ruffin*, 978 F.3d at 1001. In this case, Defendant committed extremely serious crimes against children. He collected and distributed graphic depictions of prepubescent minors, including infants and

4

toddlers, engaged in sex acts with adult men. He preyed upon young girls in online chat rooms and enticed them to send him nude photos and videos. And he engaged in an online relationship with a single mother whom he encouraged to sexually abuse her own children. Given the foregoing, Defendant's history and characteristics, the nature and circumstances of his offense, the seriousness of his offense, and the need to protect the public from further crimes of Defendant all weigh against granting Defendant's motion. *See* 18 U.S.C. § 3553(a); *See also Jones*, 980 F.3d at 1114 ("District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision . . . [b]ut 'as long as the record *as a whole* demonstrates that the pertinent factors were taken into account by the district court[,]' a district judge need not 'specifically articulate' its analysis of every single § 3553(a) factor.") (emphasis in the original) (quoting *Gall v. United States*, 552 U.S. 38, 49-50 (2007)).

In sum, Defendant's health concerns in the context of the COVID-19 pandemic are insufficient to alter the weighing of the sentencing factors in any significant way and early release is not appropriate.

### B. Appointment of Counsel

The Court also declines Defendant's request to appoint counsel to assist him in requesting relief. The Supreme Court has held that a prisoner's post-conviction right to counsel extends only to his first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and appointed counsel is only deemed necessary where the interests of justice or due process are implicated. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore appropriate only if, given the difficulty of the case and

5

the defendant's ability, the defendant could not obtain justice without an attorney, he could not obtain a lawyer on his own, and the assistance of counsel would provide him with a reasonable chance of winning. *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Defendant has not demonstrated that appointment of counsel is necessary in this case. His motion for compassionate release does not involve complex facts or legal doctrines that would prevent Defendant from effectively bringing the claim on his own behalf. The Court is familiar with the facts and circumstances of Defendant's case and the present motion provides all that is necessary in terms of evidence of exhaustion and Defendant's health. Therefore, Defendant's motion for appointment of counsel is denied.

### III. Conclusion

For the foregoing reasons, Defendant's motions for compassionate release [52] and appointment of counsel [54] are **DENIED**.

SO ORDERED.

        s/ Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Court Judge

Dated: April 3, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 3, 2021, by electronic and/or ordinary mail.

        s/ Lisa Bartlett
        Case Manager